### SHORTAGE IN LAND CONVEYED.

Common Pleas Court of Hamilton County.

JOHN HAUCK BREWING CO. v. WILLIAM H. TAFT ET AL.

Decided, August 14, 1912.

*Pleading—In an Action for Damages for Shortage of Land Conveyed Under a Deed of General Warranty—Facts Must be Stated Showing the Breach.*

In an action for damages for shortage of land conveyed under a deed of general warranty by metes and bounds, the mere statement of the breach is not enough, but the fact or facts which show the breach must also be alleged.

*Oscar Stoehr*, for plaintiff,
*George P. Stimson*, contra.

DICKSON, J.

Demurrer.

The plaintiff states that some real estate was purchased by it in Cincinnati, Ohio, and describes the same by metes and bounds; that a deed of general warranty was delivered to it.

The plaintiff complains that upon entering said real estate, it was found that there was not as much property there as was purchased, and as much as was warranted, and prays damages by reason of a breach in its warranty rights.

The defendant demurs because facts are not stated sufficient to sustain any cause of action, and claims in argument, that there can be no relief for plaintiff by way of the warranty until an eviction, or some state of facts equal thereto has occurred.

As against this the plaintiff in argument contends that since the doing away with the livery of seizin by the actual giving and taking of a token, or on actual view, it has a right to rely upon the description in the deed, and that when upon view or entry a shortage be discovered, such is equal to an eviction and damages lie.

While the court is disposed to agree with the plaintiff, yet so far as the facts stated are concerned the demurrer must be sustained, because no fact is stated as to why the plaintiff has not seen or can not enter upon all it bought.

If some fact equal to an eviction occur and be relied upon, certainly such must be stated. The mere statement of a breach is not enough. The fact which shows the breach must be stated, i. e., the plaintiff must state why it can not enter on to what it bought; neither is the bald statement that the plaintiff owned property other and different than that described in the deed certain enough.

The demurrer will be sustained.